# In the United States District Court for the Southern District of Georgia Brunswick Division

```
UNITED STATES OF AMERICA,          |
                                   |
     v.                            |   CR 218-048-4
                                   |
XONTAVIOUS DIONTE HAWKINS,         |
                                   |
     Defendant.                    |
```

**ORDER**

Before the Court is Defendant Xontavious Hawkins's motion for copies, wherein he asks for a "copy of [his] [presentence investigation report] without the 2 point enhancement." Dkt. No. 288. Defendant states he has had difficulty entering programs and receiving credits while incarcerated because, it appears, the Bureau of Prisons believes he was attributed with a firearm as part of his offense. Defendant's motion is characterized as a motion for clarification, and it is **GRANTED in part**.

In November 2018, a grand jury indicted Defendant, charging him with conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. § 846 (Count One); prohibited person (convicted felon) in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841 (Count Seven); and possession of a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Eight).

In February 2019, the Government filed its First Notice of Information and Intention to Seek Enhanced Punishment, as required by 21 U.S.C. § 851 (the "Information"). Dkt. No. 121. The Government states in the Information that, under 21 U.S.C. § 841, "a person who commits a violation of [21 U.S.C. §§ 841 and/or 846] after a prior conviction for a serious violent felony or a serious drug felony shall be sentenced to an enhanced penalty." Id. at 1. The Government notes that to support its request for enhanced punishment, it relied on Defendant's May 12, 2011 conviction of a serious drug felony, i.e. distribution of a controlled substance within 1,000 feet of a school zone, in violation of 21 U.S.C. §§ 841(a) and 860. Id. at 2.

In May 2019, pursuant to a written plea agreement, Defendant pled guilty to possession with intent to distribute a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851 (Count Seven). Dkt. Nos. 173, 224. The plea agreement provides:

> Defendant [] agrees that he will affirm that he was previously convicted of a serious drug felony offense as alleged in the 851 information filed by the government.
>
> The parties agree that for purposes of calculating the Defendant's offense level only, the Defendant should not receive a 2-level enhancement for possession of a firearm.

Dkt. No. 173 at 3.

At sentencing in December 2019, the Court asked Defendant, "Now, do you affirm or deny that you have been previously convicted of the prior drug offense that's set forth in that section 851 notice?"  Defendant stated, "Affirm."  The Court then explained, "I do want you to understand that this is the time to raise any attack on that prior conviction, if you wish to do so.  If not, you will be subject to that higher penalty.  Understand?"  Defendant replied, "Yes, ma'am."

Previously, the Court had instructed the United States Probation Office to prepare a presentence investigation report ("PSR").  The Court addressed the only objection that Defendant raised to the PSR, i.e. an objection to paragraph 21, which assigned a two-level increase to the offense level based on "the glovebox gun."  The Court noted that, as part of the plea agreement, both Defendant and the Government agreed that Defendant would not be attributed with the gun.  Therefore, based on the plea agreement, the Court sustained Defendant's one objection to the PSR.

The Court then determined that with a total offense level of 31 (after subtracting three points for acceptance of responsibility) and a criminal history category of VI, Defendant's guideline range was 188 to 235 months' imprisonment.  The Court ultimately sentenced Defendant to 188 months' imprisonment with

the Bureau of Prisons and dismissed Counts One, Six and Eight. Dkt. No. 224.

## CONCLUSION

Defendant's motion for clarification, dkt. no. 288, is **GRANTED in part**.  Defendant was not attributed with a firearm as part of his offense of conviction.

**SO ORDERED,** this 3rd day of February, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA